David L. Arrington (Bar. No. 4267)
darrington@djplaw.com
Clinton E. Duke (Bar. No. 9784)
cduke@djplaw.com
Durham Jones & Pinegar, P.C.
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
(801) 415-3000

*Attorneys for Backcountry.com, LLC.*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH (CENTRAL DIVISION)

| | |
|---|---|
| BACKCOUNTRY.COM, LLC, a Delaware limited liability company, | **COMPLAINT** |
| Plaintiff, | |
| vs. | Civil Action No. 2:19-cv-00137-TS |
| BACKCOUNTRY EBIKES, LLC, a Utah limited liability company, DAVE ANDRE, an individual, and BRYAN CHILD, an individual, | Honorable Ted Stewart |
| | **(Jury Trial Demanded)** |
| Defendants. | |

Plaintiff Backcountry.com, LLC ("Backcountry") brings this action against

Backcountry eBikes, LLC ("BEB"), Dave Andre, ("Mr. Andre") and Bryan Child

("Mr. Child") (collectively, "Defendants") for injunctive relief and damages under the trademark laws of the United States and under the laws of the State of Utah.

## JURISDICTION AND VENUE

1.     This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1114 and 1125, as well as state unfair competition law and the common law of trademark infringement, passing off, and unfair competition.  This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States are closely related to the federal claims such that they form part of the same case or controversy and derive from a common nucleus of operative fact.

2.     The Court has personal jurisdiction over Defendants because Defendants are either incorporated in the state of Utah and maintain a principal place of business, and/or reside in this judicial district, and a substantial part of the events and/or omissions giving rise to Backcountry's claims occurred in this judicial district.

3.      Venue is proper in this judicial district under 28 U.S.C. Section 1391(b) because Defendants are either incorporated in the state of Utah and maintain a principal place of business, and/or reside in this judicial district, a substantial part of the events and/or omissions giving rise to Backcountry's claims occurred in this judicial district, and Defendants are otherwise subject to the Court's personal jurisdiction with respect to this action.

## PARTIES

4.      Backcountry is a Delaware limited liability company that maintains its principal place of business in Park City, Utah.

5.      On information and belief, BEB is a Utah limited liability company that maintains its principal place of business in Layton and/or Pleasant View, Utah.

6.      On information and belief, Mr. Andre is an individual residing in Pleasant View, Utah.

7.      On information and belief, Mr. Child is an individual residing in Pleasant View, Utah.

## **NATURE OF CASE**

### Backcountry's Business and Trademark Rights

8.     Backcountry is a prominent and well-known retailer and manufacturer of a wide variety of outdoor products, sporting goods, ski products, cycling gear, apparel, and related goods.

9.     Backcountry has used its BACKCOUNTRY and BACKCOUNTRY-formative trademarks, or marks so similar that they have the same commercial impression (collectively, the "Backcountry Marks"), in connection with the retail sale of a wide variety of outdoor products, sporting goods, ski products, cycling gear, apparel, and related goods since at least as early as 1996 (the "Backcountry Services").

10.    Since at least as early as 2004, Backcountry has manufactured, distributed, and sold outdoor products, sporting goods, apparel, and related goods under the Backcountry Marks (the "Backcountry Goods"). Hereinafter, the Backcountry Goods and Backcountry Services will be referred to collectively as the "Backcountry Goods and Services."  The Backcountry Goods and Services have expanded since 2004 and will continue to expand in the future.

11.    In addition to its common law rights in the Backcountry Marks, Backcountry owns valid and subsisting trademark applications and registrations for the Backcountry Marks in the United States and worldwide. In particular, Backcountry owns the following relevant US trademark registrations (the "Backcountry Registrations"):

| MARK | REG. DATE | GOODS/SERVICES |
|---|---|---|
| backcountry.com OUTLET US Reg. No.: 3219427 | Mar 20, 2007 | Class 35: [ Retail store services, mail order services, and ] computerized on-line retail store services featuring men's and women's clothing, headwear, footwear, outerwear, eyewear, heart rate monitors, altimeters and accessories, namely, watches and compasses, tote bags, ski equipment, namely, skis, ski boots, ski helmets, ski goggles, ski poles, snowboard equipment, namely, snowboards, snowboard bindings, snowboard boots, snowboard helmets, snowboard gloves, snowshoes, avalanche safety equipment, namely, avalanche probes, avalanche beacons, and avalanche shovels, other winter accessories, namely, tents, sleeping bags, and sleeping pads, kayaks, canoes, paddles, and related accessories, namely, spray skirts for kayaks, life jackets, dry bags, wall racks for hanging canoes and kayaks, and back rests, camping, hiking, and mountain climbing equipment, |

| | | |
|---|---|---|
| | | namely, climbing harnesses, climbing helmets, bags for storing and hauling climbing ropes, belay and rappel devices, rock-climbing shoes, climbing ropes, carabiners, and chalk and chalk bags for rock-climbing, food and accessories, namely, water purifiers, coolers and bags for food storage, pots, pans, bowls, and eating utensils, luggage and equipment car racks and related accessories, namely, adaptors and attachments for mounting the racks; the dissemination of advertising for others via an on-line electronic communication network; and promoting the goods and services of others by preparing and placing advertisements on a web site access through a global computer network |
| **backcountry**<br><br>US Reg. No.:<br>3243545 | May 22,<br>2007 | Class 35: Retail store services, mail order services, and computerized on-line retail store services featuring men's and women's clothing, headwear, footwear, outerwear, eyewear, heart rate monitors, altimeters and accessories, tote bags, ski and snowboard equipment, snowshoes, avalanche safety, and other winter accessories, kayaks, canoes, paddles and related accessories, camping, hiking and mountain climbing equipment, food and hiking accessories, luggage, luggage and equipment car racks and related accessories; dissemination of advertising for others via an on-line electronic communication network; and promoting the goods and services of others by |

| | | preparing and placing advertisements on a web site access through a global computer network |
|---|---|---|
| **BACKCOUNTRY** US Reg. No.: 4788204 | Aug 11, 2015 | Class 35: Retail store services, mail order services, and computerized on-line retail store services featuring men's and women's clothing, headwear, footwear, outerwear, eyewear, heart rate monitors, altimeters and accessories, tote bags, ski and snowboard equipment, snowshoes, avalanche safety, and other winter accessories, kayaks, canoes, paddles and related accessories, camping, hiking and mountain climbing equipment, food and hiking accessories, luggage, luggage and equipment car racks and related accessories; dissemination of advertising for others via an on-line electronic communication network; and promoting the goods and services of others by preparing and placing advertisements on a web site access through a global computer network. |
| **BACKCOUNTRY** US Reg. No.: 5164389 | Mar 21, 2017 | Class 20: Sleeping bags, beds, mattresses, air mattresses, mattress cushions, mattresses and pillows, inflatable mattresses, and mattresses for recreational purposes, furniture, inflatable furniture. |
| **BACKCOUNTRY BED** US Reg. No.: 5179672 | Apr 11, 2017 | Class 20: Sleeping bags, beds, mattresses, air mattresses, mattress cushions, mattresses and pillows, inflatable mattresses, and mattresses for recreational purposes, furniture, inflatable furniture. |

| **BACKCOUNTRY BIVY** US Reg. No.: 5179673 | Apr 11, 2017 | Class 20: Sleeping bags, beds, mattresses, air mattresses, mattress cushions, mattresses and pillows, inflatable mattresses, and mattresses for recreational purposes, inflatable furniture |
|---|---|---|
| **BACKCOUNTRY QUILT** US Reg. No.: 5175043 | Apr 4, 2017 | Sleeping bags, beds, mattresses, air mattresses, mattress cushions, mattresses and pillows, inflatable mattresses, and mattresses for recreational purposes, furniture, inflatable furniture. |

12.     True and correct copies of the registrations for the above-listed marks are attached hereto and incorporated herein as Exhibit A.

13.     As a result of the Backcountry Registrations and continuous use of the Backcountry Marks in connection with the Backcountry Goods and Services, Backcountry owns valid and subsisting federal and common law rights in the Backcountry Marks.

14.     Backcountry has invested substantial time, money, and resources in marketing, advertising, and promoting the Backcountry Goods and Services under the Backcountry Marks, and as thereby developed extensive recognition and valuable goodwill in its Backcountry Marks.  Exhibit B, for example, shows that Backcountry was marketing, advertising, and promoting cycling related goods and services at least by early 2008.

SLC_4108577.1

15.     As a result of widespread use and promotion, the BACKCOUNTRY mark is famous among the general consuming public.

<u>Defendant's Business & Infringement</u>

16.     On information and belief, Defendant BEB is a Utah limited liability company that promotes, manufactures, and sells bicycles, electric bicycles ("ebikes"), bicycle parts, and related products.

17.     On information and belief, Mr. Andre is the chief executive officer of BEB.

18.     On information and belief, Mr. Child is the chief financial officer of BEB.

19.     On information and belief, Defendants own and operate the website www.backcountryebikes.com (the "BEB Website"), which is used to market and sell bicycles, ebikes, cycling parts and related accessories, including headlights and solar panels, as well as related goods and services (collectively, the "BEB Goods and Services"). Attached hereto as Exhibit C are true and correct copies of screenshots of the BEB Website.

20.     On information and belief, Defendants own and operate various social media websites, including Facebook and Instagram pages, that market and promote

BEB and the BEB Goods and Services. Attached hereto as Exhibit D are true and correct copies of screenshots of the BEB's social media websites.

21.     Defendants are using the trademarks BACKCOUNTRY and BACKCOUNTRY EBIKES, or marks so similar that they have the same commercial impression (the "Infringing Marks"), in connection with the advertising, promotion, and sale of the BEB Goods and Services in the United States.

22.     On information and belief, BEB was incorporated in Utah on December 7, 2016, and was formerly known as the BACKCOUNTRY EBIKE COMPANY.

23.     On information and belief, Defendants registered/purchased the www.backcountryebikes.com domain on December 8, 2016.

24.     On information and belief, Defendants adopted and began using the Infringing Marks with knowledge of Backcountry's business, the Backcountry Marks, the Backcountry Registrations, and the Backcountry Goods and Services.

25.     On information and belief, Defendants' earliest use of the Infringing Marks was on or around December 7, 2016.

26.     Backcountry's trademark rights by virtue of the use of its Backcountry Marks since at least as early as 1996 are senior to any rights that the Defendants may allege to have in the Infringing Marks.

27.    Backcountry has not authorized any of the Defendants to use the Infringing Marks or any similar variations.

28.    On December 7, 2017, Backcountry sent Defendants a letter requesting that Defendants immediately cease and desist further use of the Infringing Marks.

29.    On May 31, 2018, after receiving no response to its December 7, 2017 letter, Backcountry sent a second letter to Defendants.

30.    On June 12, 2018, Defendants responded to Backcountry's letters, denying that there was any likelihood of confusion between the Backcountry Marks and the Infringing Marks.

31.    On December 28, 2018, Backcountry sent a third letter to Mr. Andre, reiterating its request that Defendants immediately cease and desist from using the Infringing Marks.

32.    Despite Backcountry's requests, Defendants continue to use the Infringing Marks.

33.    Mr. Andre and Mr. Child (the "Individual Defendants"), as corporate officers of BEB, directed, controlled, ratified, participated in, and are the moving force behind the infringing and improper activity alleged herein.

34.   On information and belief, the Individual Defendants, at a minimum, have comingled their personal funds with those of BEB, share personal bank accounts with BEB, share personal accounting records with those of BEB, have no operating agreements for BEB, have failed to fulfill corporate formalities with respect to BEB, and have undercapitalized BEB for its operating needs.  In other words, there is such a unity of interest and ownership between BEB and the Individual Defendants that the separate personalities of BEB and the Individual Defendants no longer exist, and the observance of the corporate form would promote injustice or otherwise allow for an inequitable outcome of this lawsuit.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

35.   Backcountry repeats, realleges, and incorporates by reference Paragraphs 1 through 35 as though fully set forth herein.

36.   Backcountry's trademark rights are senior to any rights that the Defendants may allege to have in the Infringing Marks because the Defendants own no trademark filings for the Infringing Marks and did not use the Infringing Marks in commerce prior to the filing dates and first dates of use of the Backcountry Registrations and Backcountry Marks.

37.     Defendants' unauthorized use of the Infringing Marks in interstate commerce in connection with the BEB Goods and Services constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38.     Defendants' Infringing Marks are nearly identical to the Backcountry Marks since they share the dominant first word "BACKCOUNTRY," and the BEB Goods and Services are identical or highly related to the Backcountry Goods and Services protected under the Backcountry Registrations.

39.     Defendants' use of the Infringing Marks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive consumers of the BEB Goods and Services and the Backcountry Goods and Services, who are likely to believe erroneously that the BEB Goods and Services originate from the same source as the Backcountry Goods and Services, or are otherwise affiliated, connected, or associated with Backcountry, or sponsored or approved by Backcountry.

40.     On information and belief, Defendants have knowingly and willfully infringed Backcountry's trademark rights with the express intent to trade on the substantial goodwill in the Backcountry Marks.

41.    The Individual Defendants are personally liable for these violations of the Lanham Act since they directed, controlled, ratified, participated in, and are the moving force behind the improper activity alleged under the First Cause of Action.

42.    Backcountry has no adequate remedy at law. Defendants' conduct as alleged herein has caused and, if not enjoined, will continue to cause irreparable harm to Backcountry's rights in the Backcountry Marks and Backcountry Registrations and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but will be proven at trial.

43.    By reason of the foregoing, Backcountry asserts a claim against Defendants for injunctive and monetary relief pursuant to Sections 32, 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM
### (Federal Unfair Competition - 15 U.S.C. § 1125(a))

44.    Backcountry repeats, realleges, and incorporates by reference Paragraphs 1 through 44 as though fully set forth herein.

45.    Backcountry's trademark rights are senior to any rights that the Defendants may allege to have in the Infringing Marks because Backcountry owns common law trademark rights in the Backcountry Marks, in connection with goods

and services that are highly similar to the BEB Goods, that predate the Defendants' first use date of, and any other rights they have in, the Infringing Marks.

46.    Defendants' use of the Infringing Marks in interstate commerce, in connection with the BEB Goods and Services, constitutes trademark infringement and unfair competition against Backcountry's rights in the Backcountry Marks pursuant to 15 U.S.C. § 1125(a)(1)(A).

47.    Defendants' Infringing Marks are nearly identical to the Backcountry Marks since they share the dominant first word "BACKCOUNTRY," and the BEB Goods and Services are identical or highly related to the Backcountry Goods and Services protected under the Backcountry Marks.

48.    Defendants' use of the Infringing Marks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive consumers of the BEB Goods and Services and the Backcountry Goods and Services, who are likely to believe erroneously that the BEB Goods and Services originate from the same source as the Backcountry Goods and Services, or are otherwise affiliated, connected, or associated with Backcountry, or sponsored or approved by Backcountry.

49.     On information and belief, Defendants have knowingly and willfully infringed Backcountry's trademark rights with the express intent to trade on the substantial goodwill in the Backcountry Marks.

50.     The Individual Defendants are personally liable for these violations of the Lanham Act since they directed, controlled, ratified, participated in, and are the moving force behind the improper activity alleged under the Second Cause of Action.

51.     Backcountry has no adequate remedy at law. Defendants' conduct as alleged herein has caused and, if not enjoined, will continue to cause irreparable harm to Backcountry's rights in the Backcountry Marks and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but will be proven at trial.

52.     By reason of the foregoing, Backcountry is entitled to damages and injunctive relief against the Defendants.

## THIRD CLAIM
### (Federal Trademark Dilution in Violation of 15 U.S.C. §1125(c))

53.     Backcountry repeats, realleges, and incorporates by reference Paragraphs 1 through 53 as though fully set forth herein.

SLC_4108577.1

54.     The Backcountry Goods and Services offered under the Backcountry Marks have been used and/or consumed by millions of people and have been the subject of significant third-party media coverage, extensive sales, advertising, and promotion. Specifically, Backcountry's BACKCOUNTRY mark is famous among the general consuming public and became famous before Defendants' first use of the Infringing Marks. As a result, Defendants' use of the Infringing Marks causes, or will likely cause, dilution of the distinctive quality of the BACKCOUNTRY mark with consequent damage to Backcountry and the public.

55.     On information and belief, Defendants' conduct alleged herein has been undertaken willfully and maliciously, and with full knowledge and intent to trade on the goodwill in the BACKCOUNTRY mark.

56.     The Individual Defendants are personally liable for these violations of the Lanham Act since they directed, controlled, ratified, participated in, and are the moving force behind the improper activity alleged under the Third Cause of Action.

57.     By reason of the foregoing, Backcountry is entitled to damages and injunctive relief against Defendants.

## FOURTH CLAIM
### (Unfair Competition in Violation of Utah Code Ann. § 13-5a-101, *et seq*.)

58.     Backcountry repeats, realleges, and incorporates Paragraphs 1 through 58, as though fully set forth herein.

59.     Defendants' unauthorized commercial use of the Infringing Marks is likely to cause confusion or to cause mistake or to deceive, as to whether Defendants are affiliated, connected, or associated with Backcountry and/or as to whether Backcountry sponsored or approved of Defendants' activities.

60.     Defendants' acts constitute an intentional business act or practice that is unlawful, unfair, or fraudulent, leads to a material diminution in value of intellectual property, and is an infringement of the Backcountry Marks and/or Backcountry's trade name in violation of Utah Code Ann. § 13-5a-101, *et seq*.

61.     Defendants' conduct is extreme, outrageous, despicable, harmful, and/or in reckless disregard of Backcountry's rights.  Accordingly, such conduct supports and award of exemplary and punitive damages against Defendants.

62.     The Individual Defendants are personally liable for these violations since, on information and belief, they have taken actions that justify the piercing of the corporate veil.

63.     By reason of the foregoing, Backcountry is entitled to injunctive relief and damages against Defendants, including an award of costs, attorneys' fees, and punitive damages pursuant to Utah Code Ann. § 13-5a-101(1)(b).

## FIFTH CLAIM
### (Common Law Trademark Infringement)

64.     Backcountry realleges and incorporates by reference Paragraphs 1 through 64 as though fully set forth herein.

65.     Backcountry owns and enjoys common law trademark rights in the Backcountry Marks in Utah and throughout the Untied States.

66.     Defendants' unauthorized use of the Infringing Marks constitutes trademark infringement and is likely to cause confusion, deception, and mistake among the consuming public as to the source of, and authorization for, the BEB Goods and Services sold and/or advertised by Defendants in violation of the common law of the State of Utah.

67.     On information and belief, Defendants' conduct alleged herein has been undertaken willfully and maliciously, and with full knowledge and intent to trade on the goodwill in the Backcountry Marks.

68.     As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Backcountry irreparable harm for which there is no adequate remedy at law and is also causing damage to Backcountry in an amount which cannot be accurately computed at this time, but will be proven at trial.

69.     The Individual Defendants are personally liable for these violations since, on information and belief, they have taken actions that justify the piercing of the corporate veil.

70.     This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## SIXTH CLAIM
### (Dilution in Violation of Utah Code Ann. § 70-3a-403)

71.     Backcountry realleges and incorporates by reference Paragraphs 1 through 71 as though fully set forth herein.

72.     The Backcountry Goods and Services offered under the Backcountry Marks have been used and/or consumed by millions of people and have been the subject of significant third-party media coverage, extensive sales, advertising, and promotion in the state of Utah. Specifically, Backcountry's BACKCOUNTRY mark is famous among the general consuming public in the state of Utah and became famous in the state of Utah before Defendants' first use of the Infringing Marks. As a result, Defendants' use of the Infringing Marks causes, or will likely cause, dilution of the distinctive quality of the BACKCOUNTRY mark.

73.     On information and belief, Defendants' conduct alleged herein has been undertaken willfully and maliciously, and with full knowledge and intent to trade on the goodwill in the BACKCOUNTRY mark.

74.     The Individual Defendants are personally liable for these violations since, on information and belief, they have taken actions that justify the piercing of the corporate veil.

75.     By reason of the foregoing, Backcountry is entitled to injunctive relief, damages, and punitive damages, under Utah Code Ann. § 70-3a-403, *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, Backcountry demands judgment against Defendants, as follows:

A.      That the Court enter a finding that Defendants' use of the Infringing Marks infringes on Backcountry's rights in the Backcountry Marks and Backcountry Registrations;

B.      That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendants, as well as their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants form:

     i.      Using Defendants' Infringing Marks in connection with any of the BEB Goods and Services and Backcountry Goods and Services in Utah and throughout the United States;

    ii.      Infringing any of Backcountry's intellectual property rights in the Backcountry Marks and Backcountry Registrations;

   iii.      Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all

persons, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by Backcountry, or are in any way connected or affiliated with Backcountry;

    iv.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of Backcountry, including without limitation the Backcountry Marks;

    v.    Otherwise competing unfairly with Backcountry in any matter; and

    vi.    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(v) above.

C.    That the Court enter a finding that Defendants' actions were willful, deliberate, and malicious;

D.    That the Court award Backcountry damages in accordance with applicable law, including without limitation three times the amount of any and all

profits realized by Defendants from the use of the Infringing Marks in accordance with 15 U.S.C. § 1117(a);

E.      That the Court award Backcountry punitive damages in an amount sufficient to punish and deter Defendants;

F.      That the Court find that this is an exceptional case and award Backcountry its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or Utah law;

G.      That the Court retain jurisdiction of this action for the purpose of enabling Backcountry to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

H.      For such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Backcountry hereby demands a trial by jury.

DATED this 28th day of February, 2019.

**DURHAM JONES & PINEGAR, P.C.**

SLC_4108577.1

/s/__*Clinton E. Duke*_____
David L. Arrington
Clinton E. Duke
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
(801) 415-3000

*Attorneys for Backcountry.com, LLC.*